*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1631**

Jason Charles Cibulka,
petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed September 8, 2015
Affirmed
Johnson, Judge**

Washington County District Court
File No. 82-CR-11-1478

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Kari A. Lindstrom, Assistant County Attorney,
Stillwater, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Bjorkman, Judge; and Kirk,

Judge.

## U N P U B L I S H E D   O P I N I O N

**JOHNSON**, Judge

In 2012, Jason Charles Cibulka pleaded guilty to one count of first-degree test

refusal based on his admission that he refused to submit to a blood test after he was

arrested for driving while impaired.  In 2013, Cibulka petitioned for postconviction relief, arguing that the test-refusal statute is unconstitutional in light of the United States Supreme Court's opinion in *Missouri v. McNeely*.  The postconviction court denied the petition on the ground that *McNeely* does not apply retroactively to Cibulka's conviction, which had become final before the *McNeely* opinion was issued.  We affirm.

## FACTS

On April 18, 2011, a Forest Lake police officer received a report of an erratic driver.  The officer then observed a vehicle travel east in the westbound lane of Scandia Trail, pass three cars in a no-passing zone, and force oncoming traffic to swerve out of the way.  The officer stopped the driver, who was identified as Cibulka. The officer suspected that Cibulka was impaired, although a preliminary breath test showed that he had no alcohol in his system.  The officer nonetheless arrested him and transported him to the police station.

At the police station, another officer performed a drug-recognition evaluation and observed that Cibulka had eyelid tremors, was jittery, complained of dry mouth, and had an elevated heart rate and blood pressure.  The officers suspected that Cibulka was under the influence of illegal drugs.  An officer read Cibulka the implied-consent advisory and asked him to submit to a urine test.  Cibulka agreed but was unable to produce a urine sample, even after drinking several glasses of water over the span of an hour.  The officers then offered him a blood test, but he refused.

In April 2011, the state charged Cibulka with first-degree test refusal, in violation of Minn. Stat. §§ 169A.20, subd. 2, 169A.24, subd. 1(2) (2010).  In June 2012, Cibulka

pleaded guilty. On October 12, 2012, the district court imposed a sentence of 54 months of imprisonment but stayed the sentence and ordered Cibulka to serve 270 days in the Washington County jail. In December 2012, a probation officer reported that Cibulka had violated a condition of his probation. In January 2013, the district court revoked Cibulka's probation and executed his prison sentence.

On April 17, 2013, the United States Supreme Court issued its opinion in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), in which it held that the dissipation of alcohol in the blood is not a *per se* exigency justifying a warrantless blood draw from a person arrested for driving while impaired. *Id.* at 1556.

In October 2013, Cibulka filed a *pro se* petition for postconviction relief, seeking to withdraw his guilty plea on the ground that the test-refusal statute is unconstitutional. In January 2014, an assistant state public defender submitted a supplemental memorandum of law in support of Cibulka's petition. The state submitted a memorandum of law in which it opposed the petition on two grounds: that *McNeely* does not apply retroactively and that the test-refusal statute is not unconstitutional.

In July 2014, the postconviction court denied Cibulka's petition on the ground that *McNeely* does not apply retroactively. The postconviction court did not consider whether the test-refusal statute is unconstitutional. Cibulka appeals.

## D E C I S I O N

Cibulka argues that the district court erred by denying his postconviction petition. He contends that *McNeely* does not retroactively apply to his case and, furthermore, that the test-refusal statute is unconstitutional as applied to warrantless blood tests.

3

We begin by addressing Cibulka's argument concerning retroactivity. As a general matter, if the Supreme Court announces a new rule of federal constitutional criminal procedure, a defendant "is entitled to benefit from that new rule" if his or her case is pending in the district court or on direct appellate review. *Danforth v. State*, 761 N.W.2d 493, 496 (Minn. 2009) (quoting *O'Meara v. State*, 679 N.W.2d 334, 339 (Minn. 2004)). "But if the defendant's conviction is already final at the time the new rule is announced, then the criminal defendant ordinarily may not avail himself of the new rule." *Id.* (quoting *O'Meara*, 679 N.W.2d at 339-40). There are, however, two recognized exceptions to the general rule of non-retroactivity: a new rule may apply to convictions that have become final if

> (1) the rule "place[d] an entire category of primary conduct beyond the reach of the criminal law," or "prohibit[ed] imposition of a certain type of punishment for a class of defendants because of their status or offense"; or (2) the new rule was a "watershed" rule of criminal procedure that was "necessary to the fundamental fairness of the criminal proceeding."

*Id.* at 496-97 (quoting *O'Meara*, 679 N.W.2d at 340 n.3 (quoting *Sawyer v. Smith*, 497 U.S. 227, 241-42, 110 S. Ct. 2822, 2831 (1990)).

This court has considered whether *McNeely* applies retroactively. In *O'Connell v. State*, 858 N.W.2d 161 (Minn. App. 2015), *review granted and stayed* (Minn. Mar. 25, 2015), the defendant, who was charged with DWI, moved to suppress evidence obtained in a warrantless urine test, and the district court denied the motion. *Id.* at 164. He pleaded guilty to DWI. *Id.* After the Supreme Court issued its opinion in *McNeely*, however, he petitioned for postconviction relief on the ground that, in light of *McNeely*,

the administration of the warrantless urine test violated his Fourth Amendment rights. *Id.* The district court denied the petition, and this court affirmed. *Id.* We reasoned that *McNeely* sets forth a new rule of federal constitutional criminal procedure. *Id.* at 165-66. We further reasoned that neither of the two exceptions to the general rule of non-retroactivity applies. *Id.* at 166-67.

In this case, the parties agree that the Supreme Court announced a new rule of federal constitutional criminal procedure in *McNeely*. *See id.* at 165-66. The parties also agree that Cibulka's conviction was final before the *McNeely* opinion was issued. Accordingly, Cibulka may apply *McNeely* retroactively only if he can satisfy one of the two exceptions to the general rule of non-retroactivity. *See Danforth*, 761 N.W.2d at 496-97. Cibulka acknowledges our opinion in *O'Connell* but nonetheless contends that *McNeely* applies retroactively in this case pursuant to the first exception.

The first exception to Minnesota's general rule of non-retroactivity is borrowed from federal law. *See id.* at 500 (adopting retroactivity principles of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989)). The Supreme Court has explained the first exception by distinguishing between new substantive rules and new procedural rules. *See Schriro v. Summerlin*, 542 U.S. 348, 351-53, 124 S. Ct. 2519, 2522-23 (2004). A new rule that places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or accords "constitutional protection to [a] primary activity" is deemed to be a new substantive rule. *Teague*, 489 U.S. at 311, 109 S. Ct. at 1075-76. By contrast, a new rule that "'regulate[s] only the manner of determining the defendant's culpability'" is deemed to be a new procedural rule.

5

*Chambers v. State*, 831 N.W.2d 311, 326 (Minn. 2013) (quoting *Schriro*, 542 U.S. at 353, 124 S. Ct. at 2523).  The Supreme Court has elaborated as follows:

> New *substantive* rules generally apply retroactively.  This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish.  Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.

*Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522-23 (quotation omitted).  The Minnesota Supreme Court has not deemed a new rule to be a substantive rule since it began applying the *Teague* retroactivity principles in 2004.[1]

In *O'Connell*, we considered whether the new rule in *McNeely* satisfies the first exception to the general rule of non-retroactivity.  We wrote that it "is clearly procedural as it modified the process law enforcement must follow before administering a blood, breath, or urine test."  *O'Connell*, 858 N.W.2d at 166.  Notwithstanding our reasoning in *O'Connell*, Cibulka contends that the new rule in *McNeely* is substantive for purposes of this case.  He seeks to distinguish *O'Connell* on the ground that, in a case involving a conviction of refusal to submit to chemical testing, the new rule of *McNeely* "is not being

---

[1]*See Roman Nose v. State*, 845 N.W.2d 193, 199 (Minn. 2014) (reaffirming prior holding that new rule in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), is procedural); *Chambers*, 831 N.W.2d at 330 (holding that new rule in *Miller* is procedural); *Campos v. State*, 816 N.W.2d 480, 497 (Minn. 2012) (holding that new rule in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), is procedural); *Danforth v. State*, 718 N.W.2d 451, 459-61 (Minn. 2006) (holding that new rule in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), is procedural), *rev'd on other grounds*, 552 U.S. 264, 128 S. Ct. 1029 (2008); *State v. Houston*, 702 N.W.2d 268, 273 (Minn. 2005) (holding that new rule in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), is procedural).

6

used to determine whether the police were reasonable in demanding a blood test from Appellant, but rather whether he can be constitutionally convicted for his refusal of that test." In essence, Cibulka contends that the new rule in *McNeely* has a substantive character in this case, even though it had a procedural character in *O'Connell*.

We reject Cibulka's request to distinguish *O'Connell* for three reasons. First, the procedural character of the new rule in *McNeely* is constant, regardless how it is sought to be used in subsequent cases. The rule that Cibulka seeks to establish in asserting a constitutional challenge to the test-refusal statute might be a substantive rule, if it ultimately is adopted. But that substantive rule would necessarily depend on procedural principles, such as the new rule in *McNeely*.

Second, the new rule in *McNeely* is not substantive because a new rule is substantive only if it carries a "*significant* risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *See Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522-23 (emphasis added) (quotation omitted). The new rule in *McNeely* does not satisfy this criterion because it does not categorically prohibit all warrantless blood tests. After *McNeely*, a warrantless blood test may be constitutionally valid, if justified by the totality of the circumstances of a particular case. *See McNeely*, 133 S. Ct. at 1552. Because the new rule in *McNeely* necessarily requires case-by-case application, Cibulka cannot establish that it "place[s] an entire category of primary conduct beyond the reach of the criminal law" or that it "prohibit[s] imposition of a certain type of punishment for a class of defendants because of their status or offense." *See Danforth*, 761 N.W.2d at 496-97 (quotation omitted).

7

Third, we are reluctant to adopt an approach that allows a new rule to be deemed substantive in one type of case but procedural in another type of case, thereby allowing the new rule to be applied retroactively in some cases but not applied retroactively in other cases. We are unaware of any caselaw that applies a particular new rule retroactively in one type of case but not in another. We believe that it is more appropriate to determine a new rule's retroactive application based on what the opinion announcing the new rule states, not based on how the new rule is sought to be used by parties in subsequent cases.

In sum, the new rule announced in *McNeely* does not apply retroactively to Cibulka's conviction of first-degree test refusal. Thus, the postconviction court did not err by denying Cibulka's postconviction petition.

**Affirmed.**

8